UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILLIAN PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-1588-B |
| | § | |
| TXU CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the Defendants' Motion for Summary Judgment ("Motion") **(doc. 53)**, filed September 22, 2006 by TXU Corp., TXU Energy Company LLC, TXU Electric Delivery Company, TXU Portfolio Management Company, TXU Business Services Company, TXU Energy Solutions Company and TXU Energy Retail Company LP (collectively "TXU" or "Defendants"). For the following reasons, the Court **GRANTS in part and DENIES in part** Defendants' Motion.

### I. BACKGROUND FACTS

Plaintiff Lillian Phillips ("Phillips") is suing TXU for race discrimination and retaliation with regard to TXU's failure to hire her for as many as 43 positions from 2004 to 2006. (*See* Pl. App. at 231-32; Pl. Br. at 6) Phillips, an African-American female, worked for TXU Corp. and/or its subsidiaries from 2001 until 2002 as a Product Manager. (Pl. App. at 230) On August 28, 2002, Duane Lock, Phillips' superior, told Phillips that her position was eliminated and that she could use the next month to search for another position within TXU. (*Id.*) During that time, Phillips applied for four positions with TXU for which she was not hired. (*See* Def. App. at 625)

On September 12, 2002, Phillips complained of discrimination based on race and retaliation to TXU's General Counsel, Eric Peterson. (Pl. App. at 230)  The next day, Peterson told Phillips that he was referring her complaint to human resources. (*Id.*)  On October 4, 2002, Shawnie McLaurin ("McLaurin"), a TXU recruiter, informed Phillips that no positions were available. (*Id.*)  When Phillips asked what the next step was, McLaurin told her, "it's up to you since you said you're going to file a lawsuit against the company." (Pl. App. at 230)

On February 21, 2003, Phillips filed an EEOC charge against TXU for unequal pay and discriminatory termination. (*Id.*)  On November 10, 2003 Phillips filed a lawsuit against TXU Corp., TXU Energy Company LLC, and TXU Energy Retail L.P.[1] alleging race discrimination and retaliation in violation of Title VII and § 1981 and gender discrimination in violation of Title VII and the Equal Pay Act ("First Lawsuit"). (*Id.* at 231) This Court granted summary judgment on all the claims in the First Lawsuit on August 31, 2005. (Def. App. at 641)

From March 2004 to June 2006, Phillips applied for as many as 43 positions with TXU and/or its subsidiaries. (*See* Pl. App. at 231-32; Pl. Br. at 6) These positions involved numerous TXU entities, hiring managers, and screeners. (*See, generally,* Pl. Br. at 19-48) Although she was screened out at different stages for the various positions, Phillips was not hired for any position by TXU since her termination. (Pl. App. at 231-32; *see* Pl. Br. at 19-48)

## II.  PROCEDURAL HISTORY

On September 9, 2004, Phillips filed an EEOC charge against TXU alleging discrimination and retaliation based on her non-selection for "numerous open positions." (Def. App. at 936)  On

---

[1] *Lillian Phillips v. TXU Corp., TXU Energy Company LLC, and TXU Energy Retail L.P.*, 3:03-cv-2736-G.

June 9, 2005, the EEOC issued a right to sue without making a substantive finding.[2] (*See id.* at 937) Phillips filed her Original Complaint (doc. 1) against the TXU Defendants on August 10, 2005, bringing claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. § 1981.  On April 6, 2006, Phillips filed her First Amended Complaint (doc. 35), adding new defendants.  TXU filed the present Motion for Summary Judgment (doc. 53) on September 22, 2006.  Phillips filed her Response in Opposition to Defendants' Motion for Summary Judgment (doc. 72) on October 13, 2006.

In their Motion, TXU argues summary judgment should be granted because Phillips did not apply for the positions or they never received her applications, the positions were canceled, the positions are not filled and they are not seeking applicants with Phillips' qualifications, the decisionmaker did not know of Phillips' race or any claims of discrimination or lawsuits, Phillips lacked the minimum qualifications, and/or a more qualified candidate was selected.  TXU also argues in its Reply that Gerald Whitney Smith's Expert Report[3] ("Smith Report"), a signed expert report on Phillips' qualifications and TXU's alleged discrimination and retaliation, is not competent summary judgment evidence because it is not accompanied by an affidavit or declaration.  (*See* Def. Reply at 4-6; Pl. App. at 205-28) In general, Phillips responds to TXU's Motion that she has satisfied a *prima facie* case for discrimination and retaliation and that TXU's asserted non-discriminatory and

---

[2]TXU does not argue in its Motion that Phillips has failed to exhaust her administrative remedies.  There is disagreement in the Fifth Circuit on whether exhaustion is merely a prerequisite to suit subject to waiver and estoppel or a prerequisite to subject matter jurisdiction which the Court can raise *sua sponte*.  *Pacheco v. Mineta*, 448, F.3d 783, 788 n.7 (5th Cir. 2006); *Dixon v. Moore Wallace, Inc.*, 2006 WL 1949501 at *7 n.12 (N.D. Tex. 2006).  At this time, the Court will assume *arguendo* that Phillips exhausted her administrative remedies in accordance with the more recent decisions in the Northern District of Texas that hold exhaustion is not jurisdictional.  *See Dixon*, 2006 WL 1949501 at *7 n.12.

[3] Pl. App. at 205-28.

non-retaliatory reason for its actions is a pretext for race or retaliation or race was a motivating factor in TXU's non-selection of Phillips. The parties have briefed the issues, and the Court now turns to the merits of its decision.

### III.  ANALYSIS

**A.      SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgement is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475

U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

## B. THE SMITH REPORT

As a preliminary matter, TXU argues that the Smith Report is not competent summary judgment evidence because "it is not accompanied by an affidavit or declaration, and because it does not comply with the requirements of Federal Rule of Civil Procedure 26 or Federal Rule of Evidence 702." (Def. Br.[4] at 4) "Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." *Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (quoting 11 James Wm. Moore et al., Moore's Federal Practice ¶ 56.14[2][c] (3d ed. 1997). Unsworn affidavits are not competent summary judgment evidence, unless they meet the requirements of 28 U.S.C. §1746. *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988); *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 198 (5th Cir. 1991). Under 28 U.S.C. §1746, an unsworn declaration is admissible if it includes a statement that the declaration is made "under penalty of perjury" and verified as "true and correct." *Nissho-Iwai American Corp.*, 845 F.2d at 1306.

Here, the Smith Report is a signed written expert report concluding that Phillips is qualified or TXU admits she is qualified for all the positions in dispute and that TXU discriminated and

---

[4] All citations to "Def. Br." are to Defendants' Amended Brief unless otherwise indicated.

retaliated against Phillips. (*See* Pl. App. at 205-28) The report is not a sworn affidavit and does not include a statement that it is made "under penalty of perjury" or that it is "true and correct." (*See* Pl. App. at 205-28) The Smith Report thus allows the "circumvent[ion] of the penalties of perjury in signing onto intentional falsehoods." *See id.* Because the Smith Report is an unsworn expert report inadmissible for purposes of Rule 56, the Court will not consider it in ruling on the present Motion.

C.   **LEGAL FRAMEWORK FOR DISCRIMINATION AND RETALIATION CLAIMS**

Phillips claims she was discriminated and retaliated against because of race and her protected activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. § 1981. TXU now moves for summary judgment on all of Phillips' claims. Under the three-step *McDonnell Douglas* test that governs both discrimination and retaliation claims on a motion for summery judgment, Phillips must first put on evidence of a *prima facie* case of race discrimination or retaliation. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). The burden of production then shifts to TXU to articulate a legitimate, non-discriminatory and non-retaliatory reason for its actions. *Id.* The third step of the *McDonnell Douglas* test has arguably been altered by the Supreme Court's decision in *Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003)(holding that the mixed-motive theory of discrimination is available in cases with circumstantial evidence of discrimination). Addressing the *Desert Palace* decision, the Fifth Circuit has modified the third step of the *McDonnell Douglas* test. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). In order to survive summary judgment under the modified *McDonnell Douglas* test, Phillips must now produce evidence raising a fact question that (1) TXU's reason is not true, but is instead a pretext for discrimination or retaliation or (2) that TXU's reason, while true,

is only one of the reasons for its conduct and that race discrimination was a motivating factor.[5] *Id.* With this general framework in mind, the Court now turns to the specific framework for the first step of the *McDonnell Douglas* test, the elements of a *prima facie* case of discrimination and retaliation.

1. <u>Elements of a *Prima Facie* Case of Race Discrimination</u>

> To establish a prima facie case of racial discrimination, Phillips must show:
>
> (i) that [she] belongs to a racial minority;
>
> (ii) that [she] applied and was qualified for a job for which [TXU] was seeking applicants;
>
> (iii) that, despite [her] qualifications, [she] was rejected; and
>
> (iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas*, 411 U.S. at 802; *Haynes v. Penzoil Co.*, 207 F.3d 296 (5th Cir. 2000).

2. <u>Elements of a *Prima Facie* Case of Retaliation</u>

> To establish a prima facie case of unlawful retaliation, Phillips must show:
>
> (i) that she engaged in protected activity;
>
> (ii) she was subjected to an action that a reasonable employee would have found materially adverse; and
>
> (iii) a causal link exists between the protected activity and the adverse employment action.

*See Burlington Northern & Santa Fe Ry. v. White*, 126 S.Ct. 2405 (2006); *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). Having laid out the legal framework and standards, the Court now turns to their application to the specific positions and claims in this case.

---

[5] At this point, discrimination and retaliation claims slightly diverge. Proof that retaliation was a motivating factor is insufficient for recovery, because retaliation requires but-for causation. *Evans v. City of Houston*, 246 F.3d 344, 354-55 (5th Cir. 2001).

**D.    THE FORTY-THREE POSITIONS AT ISSUE**

1.    Unopposed Positions and Claims

TXU's Motion argues that summary judgment should be granted for 43 positions that Phillips allegedly applied for. Phillips does not oppose summary judgment on 11 of these positions as to all her claims. Accordingly, summary judgment is **GRANTED** as to the following positions: Senior Marketing Associate (506060230); Associate Corporate Planning (512360494); Account Manager (515960608); Senior Manager, Direct Mail (503260123); Management Support Manager (512360495); Manager Communications (519360706); Senior Marketing Associate (522760791); Account Executive I/II (534961097); Manager-Total Rewards (602560107); Associate (535461109); and Senior Associate-Policy Analysis (602060090). (*See* Pl. Br. at 1 n.2)

Phillips also does not oppose summary judgment with regard to only her retaliation claims for the following positions: Sales Development Manager (434985876); Manager Strategic Sourcing (503260121); Products Manager (511560452); and Verticals Manager (511560453). (*See* Pl. Br. at 28 n.50, 29 n.52, 32 n.60, 33 n.62). Accordingly, summary judgment is **GRANTED** as to Phillips' retaliation claims for these positions.

2.    Evidence TXU Did Not Receive Applications

TXU next moves for summary judgment for the positions of Senior Requirements Project Manager (404784844), Manager/Supervisor of Staff (unknown job #), Senior Marketing Analyst-Marketing Communications (422385362), Marketing Associate/Senior Retail Channel Sales (517860659), Director, Information Technology and Outsourcing (605360183), and Senior Analyst (614260461) arguing and providing evidence that they never received and have no record of applications from Phillips for those positions. (Pl. App. at 393, 424, 793, 801, 802) Assuming

*arguendo* that Phillips proved a *prima facie* case of discrimination or retaliation, not having received an application is a legitimate, non-discriminatory and non-retaliatory reason for not selecting Phillips for a position. *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000). Furthermore, failing to apply in a timely fashion or while a position is open is a legitimate, non-discriminatory and non-retaliatory reason for Phillips' non-selection. *See Davila v. Ohio Edison Co.*, 101 F.Supp.2d 551, 556 (2000). Phillips provides no evidence that TXU received applications for Manager/Supervisor of Staff (unknown job #); Marketing Associate/Senior Retail Channel Sales (517860659); Director, Information Technology and Outsourcing (605360183); and Senior Analyst (614260461) or that TXU received an application for Senior Marketing Analyst-Marketing Communications (422385362) while the position was open.

As to the position of Senior Requirements Project Manager (404784844), Phillips provides evidence of an email confirming receipt of her resume but requiring her to submit an online application to be considered. (Pl. App. at 237-38) Phillips provides no evidence that TXU received the required online application. Because TXU's evidence is unrebutted, Phillips has not established that TXU's proffered reason for her non-selection for the above six positions is a pretext for discrimination or retaliation. Accordingly, TXU's Motion is **GRANTED** as to those six positions.

3.     Canceled Positions

TXU also moves for summary judgment on the basis of evidence that the positions of Sales Development Manager (434985876), Manager Strategic Sourcing (503260121), Manager Product Development (506060228), and Verticals Manager (511560453) were canceled and never filled because of reorganization, reallocation of resources, or cost reductions and that Senior Marketing Manager (511760471) has been placed on hold because of restructuring and the position is no longer

needed. (*See* Def. App. at 204, 427, 597, 650) Assuming Phillips has proven a prima facie case, the cancellation of an opening is a legitimate, non-discriminatory and non-retaliatory reason for not selecting Phillips for these positions. *See Black v. Tomlinson*, 425 F.Supp.2d 101, 108 (D.D.C. 2006) Phillips has provided no evidence that the cancellations or proffered reasons for cancellations are pretexts for her non-selection. Because Phillips has failed to provide evidence raising a disputed issue of material fact, summary judgment is **GRANTED** as to these positions.

4.      Qualifications for Positions

TXU next moves for summary judgment arguing that Phillips did not meet the qualifications and TXU is not seeking applicants with Phillips' qualifications for three of the remaining positions. (*See* Def. Br. at 12-13) TXU presents evidence that Phillips was not qualified and TXU did not seek applicants with Phillips' qualifications for the positions of Director/Senior Manager of Consumer Markets (605860195), Senior Associate, Product Development (612460398), and Manager-NTX Residential Direct Marketing Sales (615060483). (*See* Def. App. at 137, 256, 922) Phillips must show that she was qualified and that TXU continued to seek applicants with her qualifications to satisfy her *prima facie* case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. Phillips must also raise a fact question as to whether TXU's proffered reason is a pretext for discrimination or retaliation or that discrimination was a motivating factor. *See Rachid*, 376 F.3d at 312. Here, Curtis Willmon, a TXU human resources employee, testified in his deposition that he screened Phillips' applications for these positions, determined that she met the minimum qualifications, and referred her application to his supervisors for further determination. (Pl. App. at 128, 131-32, 574, 617) Willmon's determination and referral of Phillips' application creates a reasonable inference that TXU was seeking applicants with Phillips' qualifications and therefore satisfies her *prima facie* case for

discrimination and raises a fact issue that TXU's explanation for not hiring her was a pretext for discrimination or retaliation. (*See id.*) Accordingly, summary judgment on the claims regarding these positions is **DENIED**.

5.     Knowledge of Race or Retaliation

TXU also moves for summary judgment on nine positions on the sole grounds that Phillips has not satisfied her *prima facie* case for discrimination or retaliation because she has not presented any evidence that the decisionmakers for Phillips' non-selection knew of her race, with respect to her discrimination claims, or protected activities, with respect to her retaliation claims. (*See* Def. Br. at 13-16, 26-27) Phillips contends that she is not required to show for her racial discrimination claims that the decisionmakers knew Phillips' race.[6] (Pl. Br. at 13-14) The Court disagrees. Although knowledge of Phillips' race is not sufficient to prove pretext for discrimination or retaliation, Phillips' discrimination claims cannot survive summary judgment if she cannot show that the decisionmakers on her applications were aware of her race. *See Rabinovitz v. Pena*, 89 F.3d 482, 488 (7th Cir. 1996). "Where intentional discrimination under Title VII is alleged, a prima facie case requires a plaintiff to demonstrate that the challenged employment decision was made by someone who was aware of the plaintiff's status as a member of the protected class." *Todd v. Waste Management of Texas, Inc.*, 2004 WL 1465771 at *3 (W.D. Tex. 2004); *Robinson v. Adams*, 847 F.2d 1315, (9th Cir. 1988) ("An employer cannot intentionally discriminate against a job applicant based on race unless the employer knows the applicant's race"); *Weiss v. La Suisse*, 260 F.Supp.2d 644, 657 (S.D.N.Y. 2003).

---

[6]Phillips nowhere disputes that, to establish a *prima facie* case of retaliation, she must show the decisionmakers were aware of her protected activities.

Similarly, Phillips must show that the decisionmakers knew of her protected activities in order to establish the causal link requirement of her *prima facie* case for retaliation. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 884 (5th Cir. 2003) (holding that the plaintiff must produce some evidence that the decisionmakers had knowledge of the protected activity, otherwise they could not have retaliated); *Corley v. Jackson Police Dep't*, 639 F.2d 1296, 1300 (5th Cir. 1981); *see also Haynes*, 207 F.3d 296, 299-300 (5th Cir. 2000) (granting summary judgment on retaliation claim and noting employer did not receive report of discrimination until after termination decision).

Here, in connection with their motion for summary judgment, TXU provides deposition and affidavit statements from the decisionmakers that the decisionmakers did not know Phillips' race or her alleged protected activities for Senior Associate Marketing Manager (422385364), Marketing Manager (423785414), Products Manager (511560452),[7] Analyst-Analyst Senior, Channel Sales (516860632), Marketing Analyst (602760114), Manager TDSP Relations (605960200), Manager/Senior Manager Operations Planning and Major Projects (607260232), Manager, Senior Manager (608660285), and Marketing Associate-Marketing Associate Senior (516560616). (*See* Def. App. at 105, 155, 270, 287, 308-09, 342, 550, 587, 604) For the positions of Analyst-Analyst Senior, Channel Sales (516860632), Marketing Analyst (602760114), Manager TDSP Relations (605960200), Manager, Senior Manager (608660285), and Marketing Associate-Marketing Associate Senior (516560616), Phillips responds that summary judgment should be denied, identifying decisionmakers that knew of her race or protected activities but were *not* responsible for Phillips' non-selection. (*See* Pl. Br. at 35-37, 40-41, 44-45) Phillips identifies no evidence for these

---

[7]As indicated earlier, Phillips does not oppose summary judgment on this position for the retaliation claim.

five positions that the decisionmakers that decided not to hire Phillips had any knowledge of her race or protected activities. Accordingly, summary judgment is **GRANTED** on Phillips' claims for these positions.

Likewise, on Phillips' retaliation claims for Senior Associate Marketing Manager (422385364) and Marketing Manager (423785414), Phillips identifies no evidence that the decisionmaker responsible for Phillips' non-selection had any knowledge of her alleged protected activities. Thus, summary judgment is **GRANTED** on Phillips' claims of retaliation for these positions.

Regarding Phillips' claims of discrimination for Senior Associate Marketing Manager (422385364) and Marketing Manager (423785414), the deposition of Susan Fernandez, the decisionmaker for these positions, indicates that Fernandez believed Phillips was a racial minority based on "minority things commented" on her resume. (Pl. App. at 146) Since Phillips has shown that Fernandez believed she belonged to a protected class, summary judgment is **DENIED** on Phillips' discrimination claims for these two positions.

For Phillips' claim of discrimination for Products Manager (511560452), Michelle Weech was the decisionmaker for Phillips' application. (Def. App. at 591-592) Weech stated in her affidavit that she did not know Phillips' race until her deposition on July 7, 2006. (Def. App. at 650) However, Phillips provided evidence that she worked with Weech on a project at TXU and that Weech sometimes would assume based on minority honors or awards on a resume that an applicant is a minority. (Pl. App. at 8, 117) Since Phillips has provided evidence raising a factual issue as to whether Weech knew her race, summary judgment is **DENIED** on Phillips' discrimination claim for this position.

For the position of Manager/Senior Manager Operations Planning and Major Projects

(607260232), Donald Smith was the final decisionmaker on Phillips' application, but Curtis Willmon ranked the applications for Smith, including Phillips' application. (*See* Def. App. at 286; Pl. App. at 125) Smith only reviewed the applications ranked highest by Willmon. (Def. App. At 286) Willmon knew of Phillips' race and alleged protected activity because he assisted TXU's legal department in the first lawsuit and relied on applicant flow reports, which contain voluntary disclosures of Phillips' and other applicants' races, to determine which applicants he has not reviewed yet. (*See* Pl. App. at 123-124a) Since Willmon was a decisionmaker on Phillips' application and knew her race and alleged protected activity, summary judgment is **DENIED** on Phillips' claims for this position.

6.     Minimum Qualifications

TXU next moves for summary judgment because Phillips did not meet the minimum qualifications for three of the remaining positions, thus not satisfying her *prima facie* case for discrimination or making a sufficient showing of pretext. (*See* Pl. Br. at 17-19, 28) For Market Transaction Manager (422585377) and Sales Executive II (601060034), Phillips has provided no admissible evidence that she is qualified for the positions[8] and has therefore not satisfied her *prima facie* case of discrimination.

Furthermore, TXU has provided sufficient evidence that Phillips was not qualified for these two positions. Shawnie McLaurin, the decisionmaker for Phillips' Market Transaction Manager (422585377) application, indicates that Phillips did not have the necessary experience in electricity operations or similar experience. (Def. App. at 799) Likewise, Willmon Curtis, the decisionmaker

---

[8] Phillips argues that the Smith Report shows she is qualified for these positions. (Pl. Br. at 23, 39) However, as discussed above, the Smith Report is not admissible for purposes of this motion.

for Phillips' Sales Executive II (601060034) application, states that she lacked the outside sales experience necessary for the position. (*Id*. at 674) Since Phillips has provided no admissible evidence to rebut TXU's proffered legitimate, non-discriminatory and non-retaliatory reason for Phillips' non-selection, summary judgment is **GRANTED** for all claims regarding these two positions.

On the other hand, for the position of Sales Executive II (426185551), TXU has admitted that Phillips is qualified for the position in its Objections and Responses to Plaintiff's Third Request for Admissions. (Pl. App. at 167). TXU argues that it has amended its discovery responses. (Def. Reply at 11 n.9) Because TXU does not provide the amendments for the Court's review, summary judgment is **DENIED** as to the claims regarding this position.

### 7.    Overqualification

TXU argues that Phillips was not selected for Marketing Associate (421885339) because Phillips was overqualified and they selected the best candidate. (Def. Br. at 20) Phillips, citing age discrimination cases, responds that "overqualified" may be "a code word for 'too black' or 'too much of a troublemaker.'" (Pl. Br. at 19 n.31) As experience and age often go hand in hand, some courts have found that, at least under some circumstances, "overqualified" is a euphemism for "too old." *See, e.g. Taggart v. Time, Inc.*, 924 F.2d 43, 47-49 (2d Cir. 1991). However, such reasoning does not necessarily extend to the context of race discrimination, and that Phillips was overqualified for the position is a legitimate, nondiscriminatory reason for her non-selection. *See Timmerman v. IAS Claim Services*, 1997 WL 279783, at *2-3 (N.D. Tex. 1997).

Here, McLaurin, the decisionmaker for this position, stated that Phillips was not selected because her marketing experience was at a much higher level than required for the position. (Def. App. at 798) Phillips argues that retaliatory animus can be imputed to McLaurin because in 2002

when Phillips asked what her next step should be she said, "it's up to you since you're going to file a lawsuit against the company." (Pl. App. at 230) A single stray remark is not sufficient evidence of pretext to survive summary judgment. *See Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 404-05 (5th Cir. 2001) In the present case, Phillips identifies no other evidence of retaliation, the remark was made nearly two years prior to Phillips' application for this position, and the remark itself does not demonstrate retaliatory animus. Under these circumstances, no reasonable jury could return a verdict in favor of Phillips. Accordingly, summary judgment is **GRANTED** as to Phillips' claims for this position.

8.     More Qualified Candidate

TXU argues that for Account Manager (426185549), Senior Associate Product Development (601660072), and Manager, Product Development (612460397) other candidates were more qualified than Phillips. (Def. Br. at 19-23) "In the Fifth Circuit, to show that an employer's rationale for refusing to hire a plaintiff is pretext . . . , a plaintiff must show that he or she was 'clearly better qualified' than the person selected for the position." *Reilly v. TXU Corp.*, 2006 WL 2586818, at *11 (N.D. Tex. 2006) (citing *Manning v. Chevron Chemical Co.*, 332 F.3d 874, 882 (5th Cir. 2003).

For Account Manager (426185549), McLaurin, the decisionmaker on Phillips' application, stated that Phillips was not selected because she did not have the recent related experience demonstrated by many other candidates. (Def. App. at 799). Phillips' only evidence of pretext is McLaurin's single stray remark. (*See* Pl. Br. at 27) As discussed above, McLaurin's remark does not demonstrate retaliatory animus, was made approximately two years prior to her application, and is Phillips' only evidence of pretext. Because Phillips provides no other evidence that she was clearly

better qualified, summary judgment is **GRANTED** on the claims regarding this position.

Similarly, Willmon, the decisionmaker on Phillips' application for Senior Associate Product Development (601660072), determined that Phillips was not one of the most qualified candidates because she did not have the quantitative/analytical financial modeling evaluation experience demonstrated by other candidates. (Def. App. at 674) Instead, TXU hired Henry Stafford II, who demonstrated "strong quantitative, analytical, and financial modeling skills." (*Id.* at 642-43) Because Phillips has provided no evidence that she was clearly better qualified than Stafford, summary judgment is **GRANTED** on her claims for this position.

For Manager, Product Development (612460397), Willmon stated that Phillips was not selected as a potential candidate because other candidates had more product development experience, particularly in the financial analysis and strategy area of product development. (Def. App. at 676) Phillips identifies no evidence that TXU's reason for her non-selection is a pretext for discrimination or retaliation. Since TXU's proffered reason stands unrebutted, summary judgment is **GRANTED** on the claims for this position.

9.      Lost Applications

TXU argues that it selected another candidate for the positions of Diversity Advisor (510160393) and Campaign & Business Reporting Manager (510206011) because Phillips' application was inadvertently not included in the candidate pools. (Def. Br. at 21) McLaurin, the decisionmaker for these positions, states that "TXU's general practice was only to accept electronic applications" and Phillips' hard copy resume was inadvertently not included with the pool of electronic applications for these positions. (Def. Br. at 800) That the employer mistakenly did not consider an application is a legitimate, non-discriminatory and non-retaliatory reason for not hiring

an applicant. Courts must accept the "harsh fact that mistakes are inevitable in the day to day administration of our affairs." *See Timmerman*, 1997 WL 279783 at *3 (quoting *Bishop v. Wood*, 426 U.S. 341, 350 (1976)).

Phillips' only evidence that the proffered reason is a pretext for discrimination or retaliation is Mclaurin's single stray remark. (*See* Pl. Br. at 30-32) As explained earlier, a single stray remark made about two years prior to Phillips' applications that does not demonstrate retaliatory animus is not sufficient to withstand summary judgment. Accordingly, summary judgment is **GRANTED** on the claims regarding these positions.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED in part and DENIED in part**. The following claims for discrimination on the basis of race in violation of 42 U.S.C. §2000e-2(a) and 42 U.S.C. § 1981 remain for trial: Senior Associate Marketing Manager (422385364); Sales Executive II (426185551); Products Manager (511560452); Manager/Senior Manager Operations Planning and Major Projects (607260232); Director/Senior Manager of Consumer Markets (605860195); Senior Associate, Product Development (612460398); and Manager-Residential Direct Marketing Sales (615060483).

The following claims for retaliation in violation of 42 U.S.C. §2000e-2(a) and 42 U.S.C. § 1981 remain for trial: Marketing Manager (423785414); Sales Executive II (426185551); Manager/Senior Manager Operations Planning and Major Projects (607260232); Director/Senior Manager of Consumer Markets (605860195); Senior Associate, Product Development (612460398); and Manager-Residential Direct Marketing Sales (615060483).

**SO ORDERED.**

**SIGNED December 29th , 2006**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**