

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILLIAN PHILLIPS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:05-CV-1588-B |
| TXU CORP., TXU ENERGY RETAIL COMPANY, L.P., | § § § § | |
| Defendants. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

I. General Instructions

*Introduction*

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Questions, statements, and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be

Page 1 of 16

treated as equals in a court of justice. Your answers and your verdict must be unanimous.

## Burden of Proof

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## Witness Testimony

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Evidence*

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Objections and Arguments by Counsel*

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his client because the attorney has made objections.

Upon allowing testimony of other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect

of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, or to the introduction of any other evidence, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if the witness had been permitted to answer.

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of your hearing, either by having a conference at the bench when you were present in the courtroom, or by calling a recess. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

### *Stipulated Facts*

The parties have agreed, or stipulated, to the following facts. This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

1. Phillips is an African-American female.

2. TXU Corp. is a Texas corporation authorized to and doing business in Texas. TXU Corp.'s headquarters are located in Dallas, Texas.

3. TXU Energy Retail Company LP is a wholly-owned subsidiary of TXU Corp.

4. Phillips was employed by TXU Retail from May 21, 2001 to September 27, 2002.

5. Phillips worked at TXU Energy Retail Co. LP as a Product Manager in the Product Management Group, which was part of the Strategic Accounts department.

6. On August 28, 2002, Phillips was notified that she would be laid off in connection

with a reduction in force, effective September 27, 2002.

7. Phillips engaged in protected activity by filing an EEOC charge alleging race discrimination and retaliation and by pursuing a lawsuit alleging race discrimination and retaliation.

8. Since being laid off, Phillips has been eligible for rehire and has applied for 8 open positions with Defendants. She has not been hired for any of the 8 positions for which she applied.

9. Ms. Phillips met the minimum qualifications for the following positions: Senior Associate Manager, Job #422385364; Marketing Manager, Job # 423785414; Products Manager, Job # 511560452; Manager/Senior Manager Operations Planning and Major Projects, Job # 607260232; Director/Senior Manager Consumer Markets, Job # 605860195; Senior Associate Product Development, Job # 612460398; and Manager N. Texas Residential Direct Marketing Sales, Job # 615060483.

## II. Claims of the Parties

In answering Questions Nos. 1 through 8, you are instructed as follows:

### *Race Discrimination - General Instructions*

Under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, 42 U.S.C. § 1981, an employer may not discriminate against a job applicant because of that applicant's race.

Ms. Phillips contends that the Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, 42 U.S.C. § 1981 by failing to hire her because of her race for the following positions:

(1) Senior Associate Manager, Job #422385364;

(2) Marketing Manager, Job # 423785414;

(3) Sales Executive II, Job # 426185551;

(4) Products Manager, Job # 511560452;

(5) Manager/Senior Manager Operations Planning and Major Projects, Job # 607260232;

(6) Director/Senior Manager Consumer Markets, Job # 605860195;

(7) Senior Associate Product Development, Job # 612460398; and

(8) Manager N. Texas Residential Direct Marketing Sales, Job # 615060483.

Defendants deny Ms. Phillips claims and contend that Ms. Phillips was not hired for these positions for reasons other than Ms. Phillips' race.

### *Specific Instructions*

The burden of proof in this case is on Ms. Phillips. Ms. Phillips must prove by a preponderance of the evidence that Defendants discriminated against her on the above-listed positions because of her race. In other words, Ms. Phillips must prove that her race was a motivating factor in Defendants' decisions regarding the above positions. A "motivating factor" is a consideration that moved Defendants towards their decisions not to hire Ms. Phillips for the above positions. Ms. Phillips does not have to prove that unlawful discrimination was the only reason the Defendants did not hire her. In deciding this question, you are permitted, but not required, to infer that Defendants intentionally discriminated against Ms. Phillips if you find evidence that Defendants' stated reasons for not hiring Ms. Phillips are not true, but rather a pretext for discrimination.

Apart from searching for discriminatory intent, your role as the jury is not to second-guess the Defendants' business judgment. Therefore, whether the Defendants' decisions not to hire Ms. Phillips were correct ones, fair ones, or the best ones is not for you to decide. In other words, apart

from searching for discriminatory intent, you may not scrutinize the Defendants' judgment as to who are best qualified to fill the positions. Discrimination is not established simply because you disagree with the business judgment of the Defendants, unless you find that the Defendants' reason for not hiring Ms. Phillips' was a pretext for discrimination.

**QUESTION NO. 1**

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Senior Associate Manager, Job #422385364, because of her race?

Answer "Yes" or "No."

Answer: __No__

**QUESTION NO. 2**

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Marketing Manager, Job # 423785414, because of her race?

Answer "Yes" or "No."

Answer: __No__

**QUESTION NO. 3**

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Sales Executive II, Job # 426185551, because of her race?

Answer "Yes" or "No."

Answer: __No__

**QUESTION NO. 4**

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Products Manager, Job # 511560452, because of her race?

Answer "Yes" or "No."

Answer: __No__

## QUESTION NO. 5

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Manager/Senior Manager Operations Planning and Major Projects, Job # 607260232, because of her race?

Answer "Yes" or "No."

Answer: __No__

## QUESTION NO. 6

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Director/Senior Manager Consumer Markets, Job # 605860195, because of her race?

Answer "Yes" or "No."

Answer: __No__

## QUESTION NO. 7

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Senior Associate Product Development, Job # 612460398, because of her race?

Answer "Yes" or "No."

Answer: __No__

## QUESTION NO. 8

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she was not hired for Manager N. Texas Residential Direct Marketing Sales, Job # 615060483, because of her race?

Answer "Yes" or "No."

Answer: __No__

In answering Question Nos. 9 through 13, you are instructed as follows:

*Retaliation - General Instructions*

Under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, 42 U.S.C. § 1981, an employer may not refuse or fail to hire a job applicant because the applicant engaged in protected activity. Protected activity includes opposing an employment practice that is unlawful under Title VII or the Civil Rights Act of 1866, 42 U.S.C. § 1981, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII or the Civil Rights Act of 1866, 42 U.S.C. § 1981. If the claim is for opposing an employment practice, Ms. Phillips must prove that she had at least a reasonable belief that the practice was unlawful under Title VII or the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Ms. Phillips contends that the Defendants retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, 42 U.S.C. § 1981, by not hiring her because she engaged in protected activity for the following positions:

(1) Sales Executive II, Job # 426185551;

(2) Manager/Senior Manager Operations Planning and Major Projects, Job # 607260232;

(3) Director/Senior Manager Consumer Markets, Job # 605860195;

(4) Senior Associate Product Development, Job # 612460398; and

(5) Manager N. Texas Residential Direct Marketing Sales, Job # 615060483.

The Defendants deny Ms. Phillips claims and contend that they did not hire Ms. Phillips for reasons other than retaliation for engaging in protected activity.

*Retaliation - Specific Instructions*

The burden of proof in this case is on Ms. Phillips. Ms. Phillips must prove by a

preponderance of the evidence that the Defendants' would have hired her for the above listed positions but for her protected conduct. Therefore, even if retaliation was a factor in the Defendants' decisions not to hire Ms. Phillips, the Defendants are not liable for retaliation unless Ms. Phillips can prove by a preponderance of the evidence that the Defendants would have hired her absent any retaliatory motive. However, Ms. Phillips need not prove that retaliation was the sole factor motivating the decisions not to hire her. You are permitted, but not required, to infer that the Defendants retaliated against Ms. Phillips from evidence that the Defendants stated reason for not hiring her is not true, but rather a pretext for retaliation.

Apart from searching for retaliatory intent, your role as the jury is not to second-guess the Defendants' business judgment. Therefore, whether the Defendants' decisions not to hire Ms. Phillips were correct ones, fair ones, or the best ones is not for you to decide. In other words, apart from searching for retaliatory intent, you may not scrutinize the Defendants' judgment as to who are best qualified to fill the positions. Retaliation is not established simply because you disagree with the business judgment of the Defendants, unless you find that the Defendants' reason for not hiring Ms. Phillips' was a pretext for retaliation.

## QUESTION NO. 9

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she would have been hired for the position of Sales Executive II, Job # 426185551, but for her protected conduct?

Answer "Yes" or "No."

Answer: __No__

## QUESTION NO. 10

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she would have been hired for the position of Manager/Senior Manager Operations Planning and Major Projects, Job # 607260232, but for her protected conduct?

Answer "Yes" or "No."

Answer: __No__

## QUESTION NO. 11

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she would have been hired for the position of Director/Senior Manager Consumer Markets, Job # 605860195, but for her protected conduct?

Answer "Yes" or "No."

Answer: __No__

QUESTION NO. 12

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she would have been hired for the position of Senior Associate Product Development, Job # 612460398, but for her protected conduct?

Answer "Yes" or "No."

Answer: __No__

QUESTION NO. 13

Do you find that Ms. Phillips has proved by a preponderance of the evidence that she would have been hired for the position of Manager N. Texas Residential Direct Marketing Sales, Job # 615060483, but for her protected conduct?

Answer "Yes" or "No."

Answer: __No__

## III. Instructions on Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your questions and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

SIGNED February __12__, 2007

                                              JANE J. BOYLE
                                              UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the foregoing special issues in the manner indicated in this verdict form, and returned these answers into Court as our verdict.

DATE 2-12-07

                                            _____
                                            **FOREPERSON**